IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SUMMIT RWP, INC.**, an Oregon corporation, d/b/a/ Summit Reconstruction & Restoration,<br><br>   Plaintiff,<br><br>   v.<br><br>**TREMCO CPG INC.**, a Delaware corporation,<br><br>   Defendant. | Case No. 3:25-cv-00842-IM<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS IN PART** |

Donald J. Koehler, II, 3095 Derby Lane, Swartz Creek, MI 48473. Attorney for Plaintiff.

Julie Haddon & Noah Gordon, Gordon Rees Scully Mansukhani, LLP, 1300 SW Fifth Avenue, Suite 2000, Portland, OR 97201. Attorneys for Defendant.

**IMMERGUT, District Judge.**

  Plaintiff Summit RWP, Inc., is a construction contractor that applied waterproof sealant from Defendant Tremco CPG, Inc., a sealant manufacturer, to the decks of an apartment complex. Approximately 25 months after application, the sealant began cracking on all the decks. Plaintiff repaired the decks, then sued Defendant in state court for breach of warranty and

PAGE 1 – ORDER DENYING DEFENDANT'S MOTION TO DISMISS IN PART

negligent instruction. Complaint ("Compl."), ECF 7. Defendant timely removed the case to federal court. Notice of Removal, ECF 1.

Before this Court is Defendant's Motion to Dismiss all of Plaintiff's claims ("Mot."), ECF 9. In response to Defendant's motion, Plaintiff has agreed to dismiss its two breach of warranty claims. Plaintiff's Opposition ("Opp'n"), ECF 10 at 4. Therefore, this Court dismisses those claims and addresses only the negligence claim. Defendant argues that Plaintiff's negligence claim is barred by the economic loss doctrine. Mot., ECF 9 at 4–5. Plaintiff opposes the motion, arguing that its losses arise from property damage and are not purely economic. Opp'n, ECF 10 at 5. For the following reasons, this Court agrees with Plaintiff and DENIES Defendant's motion to dismiss.

## STANDARDS

A court may dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). In evaluating the sufficiency of a complaint, the court must accept as true all well-pleaded material facts in the complaint and construe them in the light most favorable to the non-moving party. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Iqbal*, 556 U.S. at 678–79.

## BACKGROUND

Plaintiff, a construction contractor, was hired by the owners of the Macadam Village Apartments to waterproof plywood decks, landings, and breezeways at the apartment complex. Compl., ECF 7 ¶¶ 3–4. Plaintiff chose to use Defendant's waterproofing sealant for the project.

PAGE 2 – ORDER DENYING DEFENDANT'S MOTION TO DISMISS IN PART

*Id.* ¶ 8. Defendant sent a representative to instruct Plaintiff's employees on the proper use and installation of the sealant. *Id.* ¶ 9. Plaintiff alleges that Defendant's instructions left out a vital step in the application. *Id.* ¶ 16. Unaware of this step at the time, Plaintiff's employees applied the product as they had been instructed. *Id.* ¶ 10.

Just over two years later, the owners of the apartment complex informed Plaintiff that the product was cracking along the plywood seams, despite its ten-year warranty. *Id.* ¶¶ 11, 18. Plaintiff notified Defendant of the product's failure, *id.* ¶ 13, but Defendant refused to repair or replace the product, *id.* ¶ 14–16. Plaintiff ultimately stripped and reapplied the sealant on the decks at the apartment complex at its own expense. *Id.* ¶ 37.

Plaintiff then brought claims against Defendant for (1) breach of express warranty, (2) breach of implied warranty of fitness for a particular purpose, and (3) negligent training and instruction. *Id.* ¶¶ 17–37. Defendant moves to dismiss all of Plaintiff's claims.

Defendant argues that Plaintiff cannot bring any breach of warranty claims because Defendant sold the product to the apartment complex owners, not Plaintiff. Mot., ECF 9 at 3. In response, Plaintiff states that it "will voluntarily dismiss" both of its breach of warranty claims. Opp'n, ECF 10 at 4. Based on Plaintiff's concession, this Court dismisses Plaintiff's two claims for breach of warranty. Plaintiff's negligence claim is therefore the only remaining claim in dispute. Defendant moves to dismiss that claim, arguing it is barred by the economic loss doctrine. Mot., ECF at 4–5.

## DISCUSSION

Generally, a party may be liable in negligence to all persons for whom their conduct unreasonably creates a foreseeable risk of harm. *Hale v. Groce*, 304 Or. 281, 284 (1987). The economic loss doctrine is an exception to that general rule. *Id.* If a party's negligence claim seeks recovery of economic losses without any injury to person or property, the economic loss doctrine

PAGE 3 – ORDER DENYING DEFENDANT'S MOTION TO DISMISS IN PART

requires "some duty of the negligent actor to the injured party beyond the common law duty to exercise reasonable care." *Onita Pac. Corp. v. Trs. of Bronson*, 315 Or. 149, 159 (1992). Otherwise, the far-reaching liability that would result could lead to "limitless recoveries and ruinous consequences." *Harris v. Suniga*, 344 Or. 301, 307 (2008) (quoting *Ore-Ida Foods v. Indian Head Cattle Co.*, 290 Or. 909, 917 (1980)).

Repair costs for property damage are ordinarily not purely economic losses so long as a plaintiff has a sufficiently close relationship to the property. *JH Kelly, LLC v. Quality Plus Servs., Inc.*, 305 Or. App. 565, 578 (2020). A contractor can therefore recover for the cost of repairing customer property if it was damaged while in the contractor's possession and control. *Id.*

The issue in this case is whether Plaintiff's claim is barred by the economic loss doctrine. This Court concludes that, under the rule in *JH Kelly*, Plaintiff's negligence claim is sufficiently tied to physical damage to property to take it outside the scope of the economic loss doctrine.

Plaintiff's alleged injury is the cost of repairing cracked sealant. Compl., ECF 7 ¶ 37. Plaintiff was responsible for applying the sealant to the decks and plausibly damaged the decks by misapplying Defendant's product. *Id.* ¶¶ 12–13. That misapplication produced a defective result that would need to be—and later was—removed and replaced. *Id.* ¶ 37. The fact that Plaintiff does not own the deck does not bar it from recovering because the decks were within Plaintiff's control while it applied the sealant. *See JH Kelly*, 305 Or. App. at 578.

Defendant argues that the damage did not occur until 25 months later when the sealant began to crack, long after the deck was beyond Plaintiff's possession and control. Reply, ECF 13 at 4. Defendant mistakes when the damage was discovered for when the damage was done. In *JH Kelly*, a pipe fabricator was able to recover the costs of repairing defectively welded pipes, even

PAGE 4 – ORDER DENYING DEFENDANT'S MOTION TO DISMISS IN PART

though the damage to some pipes was not discovered until several months after they were installed. 305 Or. App. at 575, 578. The court reasoned that the damage occurred to the pipes while they were in the fabricator's possession and control, even if that damage was not discovered until later. *Id.* at 577. Similarly, in this case, the deck was plausibly damaged at the moment the sealant was incorrectly applied. The fact that the error was not discovered until months later in either case does not affect when the damage occurred. This property damage is sufficient to take Plaintiff's negligence claim outside the scope of the economic loss rule.

## CONCLUSION

Defendant's Motion to Dismiss, ECF 9 is DENIED in PART. Plaintiff's Breach of Warranty claims are dismissed based on Plaintiff's agreement. Otherwise, Defendant's Motion is DENIED. Plaintiff is ORDERED to file an amended complaint reflecting its voluntary dismissal of the breach of express warranty and breach of implied warranty claims within fourteen (14) days of this order.

**IT IS SO ORDERED.**

DATED this 29th day of August, 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 5 – ORDER DENYING DEFENDANT'S MOTION TO DISMISS IN PART