**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **SUMMIT RWP, INC.**,<br><br>Plaintiff,<br><br>v.<br><br>**TREMCO CPG, INC.**,<br><br>Defendant. | Case No. 3:25-CV-00842-IM<br><br>**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE EXPERT AND MOTION FOR SUMMARY JUDGMENT** |

**IMMERGUT, District Judge.**

Plaintiff, a construction company, alleges that Defendant, a manufacturer and supplier of building materials, failed to provide it with adequate training regarding the use of its product, Vulkem EWS (PUMA) Pedestrian System, (the "Product"). Plaintiff applied the Product when preparing and waterproofing a total of 32 decks, 22 intermediate landings and 11 breezeways at the Macadam Village Apartments. Amended Complaint, ECF 15 at ¶¶ 3, 4. Plaintiff claims that Defendant failed to provide adequate training regarding the need to use reinforcement mesh and that that inadequate training resulted in cracking on the decks. *Id.* at ¶¶ 16–24. Before this Court

is Defendant's Motion to Disqualify Expert ("Mot. To Disqualify"), ECF 33, as well as its Motion for Summary Judgment ("MSJ"), ECF 31. For the reasons described below, both motions are denied.

## LEGAL STANDARDS

### A. Expert Disqualification

Expert witness testimony is governed by the Federal Rules of Evidence, which provide as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.

The Ninth Circuit has advised that "a district court's inquiry into admissibility is a flexible one," and that "[i]n evaluating proffered expert testimony, the trial court is a gatekeeper, not a factfinder." *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1043 (9th Cir. 2014) (cleaned up). In this analysis, "an expert should not be excluded because the facts relied upon are in dispute unless those factual assumptions are 'indisputably wrong[.]'" *Waterwatch of Oregon v. Winchester Water Control Dist.*, No. 3:20-CV-01927-IM, 2025 WL 1067620 at *5 (D. Or. Feb. 20, 2025).

**B. Summary Judgment**

This Court must grant summary judgment if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. ("Rule") 56(a). This Court grants summary judgment "when, with the evidence viewed in the light most favorable to the non-moving party, there are no genuine issues of material fact, so that the moving party is entitled to judgment as a matter of law." *Wilk v. Neven*, 956 F.3d 1143, 1147 (9th Cir. 2020) (quoting *Grenning v. Miller-Stout*, 739 F.3d 1235, 1238 (9th Cir. 2014)).

## BACKGROUND

Plaintiff, a construction company, entered a contract "for the Macadam Village Apartments at 7127 SW Macadam Avenue, Portland, OR (the 'Project')." Joint Statement of Agreed Facts, ECF 30 at 1. Certa Building Solutions ("Certa") "was the building envelope consultant for the Project." *Id.* at 2. As part of the project, Plaintiff needed to "prepare and waterproof multiple plywood private decks, intermediate landings, and plywood breezeways at the Project." *Id.* To coat and waterproof the decks, Plaintiff used the Vulkem EWS (PUMA) Pedestrian System, (the "Product"), provided by Defendant. *Id.* Prior to use of the product, Defendant "provided an in-person instruction to Plaintiff on how to apply the PUMA Product on the Project site pursuant to Defendant's application instructions." *Id.* Defendant did not provide training as to "mesh backing/striping along with the product." *Id.*

Following the Project's completion, the MacAdam Project owners "informed [Plaintiff] of cracking in the PUMA Product." *Id.* As a result, Plaintiff was allegedly forced to incur repair costs requested by the third-party owner of the Project. Amended Complaint, ECF 15 at ¶¶ 19, 22–24. Plaintiff alleges that the cracking was due to Defendant's failure to provide it with adequate training as to mesh reinforcement. *Id.* at ¶ 23.

## DISCUSSION

Because the Motion to Exclude an Expert, ECF 33, could potentially impact the Motion for Summary Judgment, ECF 31, this Court begins with the former motion. Ultimately, this Court denies both motions.

**A. Defendant Has Not Met the High Bar for Excluding Kevin E. McCormick as an Expert.**

Defendant moves to exclude McCormick's testimony on the ground that "his testimony will not assist the trier of fact to understand any relevant evidence or determine a fact in issue." Motion to Disqualify, ECF 33 at 4. "McCormick expresse[d] his opinion that '[l]oading of the tongue and groove sheathing is not the cause of the membrane cracking with or without joint blocking.'" *Id.* (cleaned up). Accordingly, "the Puma Coating did not fail due to the plywood sheathing and lack of blocking across the joint.'" *Id.* at 5 (cleaned up). But, McCormick never opined as to the cause of the failure of the PUMA Coating *Id.* at 3. Because McCormick merely excluded a cause, but did not name one, Defendant contends that his expert testimony is not useful to the trier of fact. *Id.* at 4.

This Court disagrees. As Plaintiffs point out, Defendant raised the issue of whether "the cracking was caused by Plaintiff's failure to block all plywood seams on the decks that received the PUMA Product." Opposition to Motion to Exclude Expert ("Opp. to Motion to Exclude"), ECF 37 at 4 (citing Exhibit B to Declaration of Donald J. Koehler II. ISO Opp. to Motion to Exclude ("Plaintiff Exhibit B ISO Opp to Motion to Exclude"), ECF 38-2 at p. 2, ll. 17-25 – p. 3, ll. 1-2; p. 8). So, Plaintiff is entitled to introduce expert testimony to specifically refute that claim. Even if McCormick does not name a cause, his testimony is useful to the jury by precluding the cause identified by Defendant. That suffices to meet the *Daubert* standard.

In response, Defendant insists that an opinion precluding a potential cause does not meet the *Daubert* standard. Reply ISO Motion to Exclude Expert ("Reply ISO Motion to Exclude"),

ECF 41 at 2. But, Defendant cites no case for that proposition and that view is refuted by the text of Rule 702. The helpfulness requirement of Rule 702 only requires that the expert testimony "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Defendant's alternative cause that Plaintiff failed "to block all plywood seams on the decks that received the PUMA Product," Opp. to Motion to Exclude, ECF 37 at 4, is "a fact in issue." Fed. R. Evid. 702(a). So, McCormick's testimony is admissible under *Daubert's* "flexible" inquiry. *City of Pomona*, 750 F.3d at 1043.

**B. Defendant Is Not Entitled to Summary Judgment on Plaintiff's Negligent Training and Supervision Claim.**

Under Oregon law, a negligent training and instruction claim requires a showing of "the following elements: (1) the defendant had a duty to provide adequate instruction to plaintiff; (2) the defendant breached that duty by providing inadequate or insufficient instruction; (3) the inadequate instruction was a cause-in-fact of the construction defect and resulting damages; and (4) the plaintiff suffered legally cognizable damages." MSJ, ECF 31 at 4 (citing *Towe v. Sacagawea, Inc.*, 357 Or. 74, 86 (2015)). Defendant contends that it is entitled to summary judgment on elements one and three. This Court disagrees. For both, there is a triable issue of fact that a jury must decide.

**1. There is a triable issue of fact as to what constitutes adequate training in the application of the PUMA product.**

Under Oregon law, "[n]egligence is conduct falling below the standard [of care] established for the protection of others, or one's self, against unreasonable risk of harm." *Woolston v. Wells*, 297 Or. 548, 557 (1984). "The standard of care is measured by what a reasonable person of ordinary prudence would, or would not, do in the same or similar circumstances." *Id.* In the context of a negligent training and instruction claim, negligence turns on whether Defendant's conduct fell below "the standard [of care] established for the protection

of others" or their property from "unreasonable risk of harm." *Id.* In this inquiry, industry custom can serve as evidence of "whether a party has met a standard of care to which the party is required to conform." *Hansen v. Abrasive Eng'g & Mfg., Inc.*, 317 Or. 378, 384 (1993).

Plaintiff has introduced admissible evidence that Defendant departed from the standard for adequate training as to the application of the PUMA product. Defendant's employee, Jim Hines, testified that his role was to provide training based on project requirements. Exhibit A to Declaration of Donald J. Koehler II. ISO Opp. to MSJ ("Plaintiff Exhibit A ISO Opp. to MSJ"), ECF 36-1 at p. 6, ll. 11-25 – p. 7, ll. 1-4. And, he testified that if the training was not provided based on the specific project requirements, the training would be useless. *Id.* There is also testimony from Justin Barnhart, the Corporate Representative for Certa, that reinforcement mesh was required on the Project and that he told Scott Martin, Defendant's Technical Sales Representative, about the need for reinforcement mesh repeatedly including on April 22, 2021 prior to the training. Exhibit C to Declaration of Donald J. Koehler II. ISO Opp. to MSJ ("Plaintiff Exhibit C ISO Opp. to MSJ"), ECF 36-3 at p. 4, ll. 8-25 – p. 5, ll. 1-12.[1] Thus, Plaintiff has introduced evidence from industry custom from which a reasonable jury could conclude that Defendant's training fell below the acceptable standard of care.

[1] Defendant objects that Plaintiff did not "submit the purported April 22, 2021 email." Reply, ECF 39 at 7. But, Plaintiff has submitted deposition testimony from Barnhart that he told Defendant of the project requirements before the training so it's hard to see the import of not submitting the email itself. To the extent that Defendant is attempting to raise a hearsay or authenticity objection, that objection is waived for lack of clarity. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

**2. There is a triable issue of fact as to whether inadequate training caused the cracking.**

"In order to establish causation, a plaintiff must demonstrate a reasonable probability that the alleged conduct caused the alleged harm." *Bordelon v. Airgas USA, LLC*, 603 F. Supp. 3d 946, 962 (D. Or. 2022) (cleaned up). "Causation may be proved by circumstantial evidence, expert testimony, or common knowledge." *Id.* (quoting *Two Two v. Fujitec America, Inc.*, 355 Ore. 319, 332, 325 P.3d 707 (2014)).

Here, the causation debate is about why the deck cracked. Plaintiff's argument is that the cracking occurred because of the failure to "use reinforcement mesh on the seams of the plywood, and that the reason Plaintiff failed to use the reinforcement mesh was because Defendant – the maker of the product – failed to train Plaintiff's employees to do so." Opposition to Motion for Summary Judgment, ECF 35 at 6. By contrast, Defendant points to two potential causes. "Defendant asserts the cracking occurred due to Plaintiff's failure to block every joint on the deck prior to application of the PUMA product, and also Plaintiff's failure to apply the PUMA product in the amounts specified by Defendant." *Id.*

This causation debate is for the jury to decide. First, Plaintiff has introduced evidence that inadequate training was the reason that Plaintiff did not use the mesh reinforcement. Specifically, Defendant sells its Product by emphasizing that with its Product, use of mesh reinforcement tape is "optional." Plaintiff Exhibit A ISO Opp. to MSJ, ECF 36-1 at p. 9, ll. 3-10; Plaintiff Exhibit C ISO Opp. to MSJ, ECF 36-3 at p. 4, ll. 8-25 – p. 5, ll. 1-12. Second, Plaintiff has introduced evidence that the lack of mesh reinforcement caused the cracking. Specifically, the PUMA product did not crack anywhere in the decking besides the seams where two pieces of plywood were joined. Plaintiff Exhibit A ISO Opp. to MSJ, ECF 36-1 at p. 10, ll. 9-22. The specific nature of the cracking location is "circumstantial evidence[,]" which a reasonable jury could find

supports Plaintiff's alleged cause, inadequate training as to the reinforcement mesh, as opposed to the other potential causes alleged by Defendant. *Bordelon*, 603 F. Supp. 3d at 962. If Defendant's theories of causation were correct, then it is arguable that the cracks would occur throughout the deck. In addition, Plaintiff has introduced evidence to challenge one of Defendant's alleged causes of the cracking. Specifically, as explained above, McCormick's expert witness testimony challenges the explanation that Plaintiff's alleged failure to block every joint on the deck caused the cracking. That collective evidence is sufficient to avoid summary judgment.[2]

**3. Defendant's expert witness requirement is unsupported by Oregon law.**

To attempt to escape these genuine disputes of material fact, Defendant argues that Plaintiff must introduce expert witness testimony as to both adequate training and causation for Plaintiff's claim to survive summary judgment. Oregon law, Defendant charges, requires expert testimony for Plaintiff's claim to survive summary judgment. MSJ, ECF 31 at 5. In making this argument, Defendant's unspoken assumption is that state-law expert testimony requirements are "substantive" for the purposes of *Erie*. If such a state-law expert testimony requirement was "procedural," then it would not be binding on this Court. *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003) (cleaned up). While Plaintiff contests the expert testimony requirement,

---

[2] Plaintiff also sought to introduce evidence about how subsequent fixes to the cracking at this and other projects bear on the question of causation. Defendant objects that this evidence violates Federal Rule of Evidence 407's restrictions on the introduction of evidence of "subsequent remedial measures." To the extent that Plaintiff seeks to introduce this evidence to prove causation, this debate implicates a District Court split on whether subsequent remedial measures may be introduced to prove causation. *See Gomez v. Am. Med. Sys. Inc.*, No. CV-20-00393-PHX-ROS, 2021 WL 12313068, at *6 n.2 (D. Ariz. June 17, 2021). This Court need not enter that debate. Because this Court can resolve the motion for summary judgment in Plaintiff's favor without resolving this evidentiary issue, it declines to rule on the admissibility of this evidence. Nevertheless, Defendant retains leave to file a motion in limine regarding this issue prior to trial.

it does not address the *Erie* issue. Nevertheless, this Court need not address this question because assuming without deciding that such a state-law expert testimony requirement would be "substantive" for *Erie* purposes, Oregon law does not impose such a requirement.

Any expert witness requirement is limited to highly technical contexts such as medical and legal malpractice and design defect cases. Most cases cited by Defendant are about the need for expert testimony in the context of medical and legal malpractice. *Getchell v. Mansfield*, 260 Or. 174, 179 (1971) (medical testimony); *Tiedemann v. Radiation Therapy Consultants, P.C.*, 299 Or. 238, 240 (Or. 1985) (medical malpractice case); *Thorson v. Bend Mem'l Clinic*, 291 Or. App. 33, 35 (2018) (same); *Hudjohn v. S&G Mach. Co.*, 200 Or. App. 340, 351 (2005) (explaining the need for expert testimony when causation "involved a complex medical question.") *Uris v. State Comp. Dep't*, 247 Or. 420, 425 (1967) (discussing expert witness requirement in medical cases, but finding case should have gone to the jury); *Chouinard v. Health Ventures*, 39 P.3d 951, 954 (Or. App. 2002) (medical malpractice case); *Vandermay v. Clayton*, 328 Or. 646, 648 (1999) (legal malpractice).[3] Some cases also discuss the need for expert testimony in "design defect cases [that] sometimes involve technical, scientific issues which cannot be fully understood by the average juror[.]" *Lynd v. Rockwell Mfg. Co.*, 554 P.2d 1000, 1005 (Or. 1976). And, Defendant's closest case, *Shalaby v. Newell Rubbermain, Inc.*, 379 F. App'x 620 (9th Cir. 2010), which concerned the cause of the explosion of "a handheld, gas-powered torch," is both unpublished and applied California, not Oregon, law. *Id.* at 622–23.

[3] Defendant also cites a number of cases for an expert witness requirement that do not speak of an expert witness requirement at all. *See Schmeiser v. Trus Joist Corp.*, 540 P.2d 998, 1007 (Or. 1975); *P. Form Corp. v. Burgstahler*, 501 P.2d 308, 311 (Or. 1972) (no use of the word, "expert," even).

In addition, Oregon's expert witness requirement is rarely applied in the context of summary judgment. Of the cases listed above, most are in the context of motions for a directed verdict or nonsuit motions. The exceptions are exclusively medical malpractice cases. *See Tiedemann*, 299 Or. at 240 (medical malpractice case); *Thorson*, 291 Or. App. at 35 (same). While "the 'genuine issue' summary judgment standard is 'very close' to the 'reasonable jury' directed verdict standard[,]" *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986) (cleaned up), a difference may arise here. The Oregon expert witness requirement is focused on situations where the "issues which cannot be fully understood by the average juror[.]" *Lynd*, 554 P.2d at 1005. Whether this case involves such an issue is far more readily ascertainable in the context of a directed verdict or nonsuit motion where this Court has heard all or part of a trial. This Court will not assume that Defendant's directed verdict/non-suit cases are persuasive here.

So, Defendant must argue that this Court should expand Oregon's expert witness requirement both to construction decking and to the context of summary judgment here. Given that this Court is a federal court presiding over a diversity case, it has some reluctance to expand Oregon law. *See Jensen v. United States Tennis Ass'n,* No. 23-15757, 2025 WL 707447 (9th Cir. Mar. 5, 2025) (unpublished) (quoting *Jeanty v. Big Bubba's Bail Bonds*, 72 F.4th 116, 120 (5th Cir. 2023)) (explain that "federal courts sitting in diversity should be slow to expand state law in the absence of any indication of intent by the state courts or legislature."); *Lord v. Swire Pac. Holdings, Inc.*, 203 F. Supp. 2d 1175 (D. Idaho 2002) (quoting *City of Philadelphia v. Lead Indus. Ass'n*, 994 F.2d 112, 123 (3d Cir.1993)) (explaining that "[i]n a diversity case . . .federal courts may not engage in judicial activism. Federalism concerns require that we permit state courts to decide whether and to what extent they will expand state common law . . .[the federal court's] role is to apply the current law of the jurisdiction, and leave it undisturbed.").

Given that caution, this Court concludes that regardless of whether an expert witness requirement is ever appropriate in the construction context, it is not appropriate here at summary judgment. As to the issue of negligence, Plaintiff has introduced evidence of industry custom as to the standard of care. This Court fails to see why Plaintiff must go the extra mile and provide expert witness testimony per se. As to causation, the reason that the deck ultimately cracked is not the kind of issue that "cannot be fully understood by the average juror[.]" *Lynd*, 554 P.2d at 1005. Unlike with certain medical testimony, this Court believes that the average juror can weigh the evidence to come to a reasonable conclusion as to why the deck cracked. Accordingly, this Court declines to expand Oregon law by applying Defendant's proposed expert witness requirement in the construction context and at summary judgment.

**CONCLUSION**

For the reasons described above, Defendant's Motion to Disqualify Expert, ECF 33, as well as its Motion for Summary Judgment, ECF 31, are DENIED.

**IT IS SO ORDERED.**

DATED this 29th day of September, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge